UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


BENESMART, INC.                          CIVIL ACTION

VERSUS                                   NO: 12-2645

TOTAL FINANCIAL GROUP, LLC               SECTION: "J" (5)
ET AL.

### ORDER AND REASONS

Before the Court are Plaintiff's **Motion to Remand (Rec. Doc. 14)** and Defendants' opposition to same **(Rec. Doc. 22)**. Plaintiff's motion is set for hearing on December 5, 2012. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Plaintiff's motion should be **GRANTED** for the reasons set out more fully below.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This action arises out of claims for damages and injunctive relief under Louisiana state law for intentional interference with contracts, breach of contract, defamation, unjust enrichment, breach of fiduciary duty, civil conspiracy, violation of the Louisiana Unfair Trade Practices Act, and violation of the

Louisiana Uniform Trade Secrets Act. On September 8, 2012, Plaintiff, Bene$smart, Inc., filed this action in the 22nd Judicial District Court of St. Tammany Parish, Louisiana, naming as defendants Total Financial Group, LLC ("TFG"), Denis Joachim, Donna Pounds Joachim, Benjamin Roth Robertson, Joseph Anthony Borino, Blaine S. Jennings, Thomas S. Perkins, John Martin, Robert Levy, and Christian Griffith.

In its petition, Plaintiff alleges that it developed "a supplemental self-funded employee benefit program for small and mid-size businesses that already have an [sic] established Internal Revenue Code Section 105 and 125 benefit programs in place to cover those expenses not paid for by insurance companies." Petition, Rec. Doc. 1-1, p. 3, ¶ 15. Plaintiff asserts that it created this overarching program, related documents, and employer/employee contracts for use in conjunction with the program, and that all of these are copyrighted. Petition, Rec. Doc. 1-1, p. 3, ¶ 16. Plaintiff alleges that in November 2009, it entered into an oral contract with TFG via its registered agent Denis Joachim, for the marketing of Plaintiff's program. Petition, Rec. Doc. 1-1, p. 4, ¶¶ 17-18. Plaintiff asserts that after training TFG employees (i.e. all other above-named defendants), providing them with confidential information,

and giving them access to Plaintiff's trade secrets, the relationship between the two parties deteriorated. Petition, Rec. Doc. 1-1, p. 4, ¶¶ 21-22. Plaintiff asserts that the relationship broke down as the defendants violated the aforementioned laws through various acts of direct competition with Plaintiff, diversion of business funds owed to Plaintiff, and misappropriation of Plaintiff's trade secrets. Petition, Rec. Doc. 1-1, p. 4, ¶ 23. In particular, Plaintiff notes that all of defendants' activities were made possible by "[TFG], Joachim, and Pounds cop[ying] and confiscat[ion of] Bene$mart's copyrighted documents containing private and confidential information." Petition, Rec. Doc. 1-1, p. 4, ¶¶ 23-24.

Plaintiff served its petition on all defendants, except for Thomas Perkins and Roth Robertson, between September 18, 2012 and October 5, 2012.[1] Then, on October 22, 2012, Plaintiff moved to voluntarily dismiss defendants Levy, Borino, Martin, Griffith, Perkins, and Robertson. Notice of Removal, Rec. Doc. 1, p. 6. On October 24, 2012, the state court judge signed the order dismissing these defendants. Notice of Removal, Rec. Doc. 1, p.

---

[1] TFG, Dennis Joachim, and Donna Pounds Joachim were served on September 18, 2012; Blaine Jennings on September 19, 2012; John Levy on September 20, 2012; Joseph Borino on September 26, 2012; John Martin on October 1, 2012; and Christian Griffith on October 5, 2012. Thomas Perkins and Roth Robertson were never served. Notice of Removal, Rec. Doc. 1, p. 6.

4. Nevertheless, on October 25, 2012, Defendant Martin, with the consent of all defendants, removed the case to federal court. Notice of Removal, Rec. Doc. 1, p. 3. According to the Defendants who are currently before this Court,  at the time that Martin removed the case,  he had reason to believe that the dismissal order had not been signed by the state court judge and, therefore, that his removal was timely filed. Notice of Removal, Rec. Doc. 1, pp. 3-4. Upon learning that the dismissal order had actually been signed prior to removal, Martin filed a "notice of withdrawal" in federal court, which was granted by Judge Berrigan on November 2, 2012.[2]  Thereafter, the remaining Defendants, TFG, Denis Joachim, Donna Pounds Joachim, and Benjamin Roth Robertson, filed the instant Notice of Removal on October 31, 2012.

In their Notice of Removal, Defendants assert that Plaintiff's state law claims are preempted by the federal Copyright Act, 17 U.S.C. § 301 *et seq.*, thereby giving this Court subject matter jurisdiction. In addition, Defendants also contend that they timely filed their notice of removal because (1) they are entitled to an extension of time to remove under the special removal rules in the America Invents Act, 28 U.S.C. § 1454(b)(2),

---

[2] Notice of Removal, Rec. Doc. 1, p. 4; November 2, 2012 Order Granting Mot. to Withdraw, Rec. Doc. 7, CV 12-2599.

4

and (2) because Plaintiff's dismissal of the six state court defendants was an unexpected and "bad-faith" attempt to avoid removal, thereby warranting an extension. In particular, Defendants note that the only defendants who were dismissed from the state court action were those defendants who had been served after September 19, 2012, and, therefore, could still have removed the case to federal court within the required thirty-day time period. Defendants assert that Plaintiff's petition indicates that all of the state court defendants would have been equally liable to Plaintiff, and that all of the state court defendants acted in concert to violate the aforementioned state laws, indicating that the only reason for Plaintiff's voluntary dismissal of the state court defendants was to avoid removal.[3]

In response to the removal, Plaintiff filed the instant Motion to Remand thirteen days later on November 13, 2012. Defendants responded on November 27, 2012.

### THE PARTIES' ARGUMENTS

In its motion, Plaintiff asserts that Defendants' second attempt at removal is improper because (1) it is untimely filed, and (2) Plaintiff's state law claims are not preempted by the

---

[3] Defendants also point to the fact that Plaintiff had previously requested preliminary defaults against four of them, whom it later voluntarily dismissed as an indication that Plaintiff's dismissal was in bad faith. Notice of Removal, Rec. Doc. 1, p. 8 n. 3.

Copyright Act. In making its first argument, Plaintiff contends that Defendants' removal is untimely on its face, because it was filed more than thirty days after the Defendants were served.[4] Furthermore, Plaintiff claims that Defendants' interpretation of Plaintiff's motives for dismissing the state court defendants is incorrect. Plaintiff asserts that "because of the financially crippling effects of Defendants' own actions in diverting funds and customers," Plaintiff began to prosecute this suit as quickly as possible, which is demonstrated by its immediate seeking of injunctive relief in state court. Pl. Mem. in Supp., Rec. Doc. 14-1, p. 4. Plaintiff contends that during that process, it reviewed termination letters and talked to customers and, therefore, was able to learn more about the full extent of the damages. As a result, Plaintiff asserts that it determined that certain defendants should be dismissed, which was the impetus for the October 22, 2012 dismissal of the six state court defendants.[5] Furthermore, Plaintiff avers that it is actually the Defendants who are in bad faith, because they removed the case on

_____

[4] Technically, the Plaintiff states that the removal is untimely because it was filed "more than 30 days after commencement of the suit in state court." Pl.'s Mem. in Supp., Rec. Doc. 14-1, p. 4. However, since the actual rule governing timeliness refers to the time of service upon each defendant, the Court will assume that is what Plaintiff means when it refers to the "commencement of the suit." See 28 U.S.C. § 1446(b).

[5] The six state court defendants were dismissed without prejudice. Pl.'s Mem. in Supp., Rec. Doc. 14-1, p. 4.

October 31, 2012, the day their opposition to the preliminary injunction was due in state court. Plaintiff asserts that the untimely removal constituted an act of bad faith, because it was merely an attempt by Defendants to delay the preliminary injunction hearing that was set for November 7, 2012.

As noted, Plaintiff also challenges the jurisdictional basis for removal. Plaintiff argues that it has not asserted an action for copyright infringement, and that the Copyright Act does not preempt its state law claims.

In their opposition, Defendants reurge the timeliness arguments made in the Notice of Removal. In addition, they also argue that substantively, Plaintiff's complaint is properly removed because all of Plaintiff's state law claims are preempted by the Copyright Act. In particular, Defendants contend that in order for state law claims to be preempted, (1) the cause of action must fall within the subject matter of copyright, and (2) it must protect rights that are equivalent to the exclusive rights of federal copyright. Defendants assert that because all of Plaintiff's claims arise from the alleged copying of copyrighted material, they fall within the subject matter of copyright. Moreover, they contend that the second prong of the test is also satisfied for each individual cause of action.

## DISCUSSION

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). As the removing party, the defendant bears the burden of proving by a preponderance of the evidence that federal jurisdiction exists at the time of removal. De Aquilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). Because federalism concerns are inherent in removing a case from the state court system, the removal statute is strictly construed, and any doubt as to the propriety of removal must be resolved in favor of remand. Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002).

The timeliness of removal is governed by 28 U.S.C. § 1446(b). This statute creates a thirty-day time limit for removal which begins when the defendant is served with, or otherwise receives, the initial complaint. 28 U.S.C. § 1446(b)(1). When an action is removed solely under Section 1441(a), all defendants must consent to the removal. Id. § 1446(b)(2)(A). Likewise, when there are multiple defendants in a suit, each individual has thirty days after they have been served to file a notice of removal. Id. § 1446(b)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal,

8

any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." Id. § 1446(b)(C). While the thirty-day time limitation is procedural, rather jurisdictional, and, therefore, may be waived by the parties, without such a waiver, "failure to petition for removal within thirty days may render removal improvident." Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986). "In the absence of waiver of the time limit by the plaintiff, or some equitable reason why that limit should not be applied . . . a defendant who does not timely assert the right to remove loses that right." Id. A plaintiff may waive the thirty-day time limit by failing to file a motion to remand within thirty days after the notice of removal is filed. See 28 U.S.C. § 1447(c). The United States Fifth Circuit Court of Appeals has stated that where "exceptional circumstances" exist, they may merit an extension of time to remove. Getty Oil Corp. , a Div. of Texaco, Inc. v. Ins. Co. of North America, 841 F.2d 1254, 1263 n.12 (5th Cir. 1988) (citing Brown, 792 F.2d at 481). Likewise, 28 U.S.C. § 1454(b)(2), which governs the removal of copyright actions, states that "the time limitations contained in section 1446(b) may be extended at any time for cause shown." 28 U.S.C. § 1454(b)(2).

In the instant matter, Defendants argue that both the extension outlined in 28 U.S.C. § 1454(b)(2) and the Fifth Circuit "exceptional circumstances" exception to the thirty-day time period apply. The Court is not convinced.

With regard to Defendants' argument under the "exceptional circumstances" exception, the Court looks to the reasoning in Ortiz v. Young, 431 Fed. Appx. 306 (5th Cir. 2011) and Grand Texas Homes, Inc. v. American Safety Indem. Co., No. 12-1773, 2012 WL 5355958 (N.D. Tex. October 30, 2012).[6] In Ortiz, when discussing the exception, the court noted that it would likely apply in situations where (1) the plaintiff had acted in bad faith to prevent the defendant from removing and (2) where removal was necessary to prevent injustice. Id. at 307-08 (citing Doe v. Kerwood, 969 F.2d 165, 759 (5th Cir. 1992); Brown, 792 F.2d at 482). The court noted that the defendant in that case had

---

[6] The Court looks to these decisions rather than the published Fifth Circuit decisions of Brown and Getty Oil Corp., because, while those cases clearly state that the "exceptional circumstances" exception exists, they do not go into detailed discussion as to what type of circumstances might actually warrant the application of the exception.  Likewise, although the Fifth Circuit case of Gillis v. Louisiana, 294 F.3d 755 (5th Cir. 2002), does apply the rule in that case, the circumstances under which it was applied are so unique that no general analogy to this case can be drawn. See id. at 759. (noting that the rule applied where a board of individuals that was required to consent to removal needed to meet before the thirty-day deadline to approve the consent to remove, attempted to meet but could not, a plaintiff in the case was actually a member of the board, the board informally authorized someone to consent —who did provide consent, and the board eventually ratified that individual's conduct anyway).

not provided the court with any explanation of how the plaintiff had interfered with his ability to remove and/or what injustice would be prevented by allowing him to remove. Ortiz, 431 Fed. Appx. at 308. Therefore, the court found that there was no exceptional circumstance present that warranted an extension of the thirty-day time period. Id. Likewise, in Grand Texas Homes, Inc., the court, interpreting Getty Oil, Inc., found that the exceptional circumstances exception did not apply where there was no indication that "plaintiff's conduct contributed to defendant's failure to properly remove." Grand Texas Homes, Inc., 2012 WL 5355958 at *2 n. 2. The court reiterated that the exception was extremely limited. Id.

In the instant case, although Defendants do allege that Plaintiff's conduct was in bad faith and contributed to their failure to remove, the Court does not find that they have met their burden of showing that the circumstances in this case were truly exceptional. First, although Defendants allege that Plaintiff's dismissals were in bad faith, the Plaintiff has plausibly argued that based on information learned in the process of discovery, the dismissals were warranted. In particular, the Court notes that while the Defendants argue that there was no reason to differentiate between the state court defendants other

11

than their respective service dates, a reading of the petition reveals that Plaintiff's allegations are primarily lodged against TFG, Denis Joachim, and Donna Pounds Joachim, three of the four remaining Defendants; these Defendants allegedly acted in distinct leadership roles during the conspiracy. Specifically, Plaintiff asserts that TFG is the actual contracting party, that Denis Joachim is the registered agent who contracted with Plaintiff on TFG's behalf, and that Donna Pounds Joachim is the overall manager of the company. Petition, Rec. Doc. 1-1, pp. 2, 4, ¶¶ 2-4, 17-21. In fact, with regard to the copyright claims that provide the basis for Defendants' removal of the suit, only these three defendants are the only defendants alleged to have copied any of the copyrighted materials. Petition, Rec. Doc. 1-1, p. 4, ¶ 23 ("In furtherance of this scheme, [TFG], Joachim and Pounds copied and confiscated Bene$mart's copyrighted documents containing private and confidential information for use by them and the remaining defendants in their competing business."). While the petition does not necessarily indicate that the last remaining Defendant, Blaine S. Jennings, played any unique role in the conspiracy when compared to the dismissed state court defendants, there is also no reason for this Court to believe that Plaintiff's discovery did not reveal information that

12

indicated that Mr. Jennings was the only proper employee-defendant in this suit. As such, the Court finds that the Defendants have failed to show that Plaintiff's actions were in bad faith.

Moreover, while it is certain that Plaintiff's voluntary dismissal of the state court defendants interfered with the ability of those dismissed defendants to remove this suit to federal court, Defendants have not provided the Court with any evidence that prior to the expiration of their *own* individual thirty-day time periods, the Plaintiff took actions to prevent them from removing the suit. Each Defendant that currently remains in this suit could have easily removed the suit prior to the thirty-day deadline. Aside from one small reference to the fact that Defendants were researching removal, the named Defendants have not indicated why they sat on their rights and merely waited for the later- served state court defendants to remove. Notice of Removal, Rec. Doc. 1, p. 7. Therefore, the Court finds that the instant case does not present the "exceptional circumstances" that would warrant an extension of the thirty-day time period.

In addition to their arguments under the exceptional circumstance exception, Defendants also argue that 28 U.S.C. §

1454(b)(2) provides Defendants with grounds for their untimely filing. In particular, Defendants argue that they "have shown cause" for this Court to grant them an extension of time to file by demonstrating that they would have been able to timely remove if the Plaintiff had not dismissed the later-served state court defendants. The Court finds this reason for requesting an extension unpersuasive. While Defendants' explanation certainly demonstrates to the Court *how* the Defendants *could have* timely filed, it does not demonstrate to the Court *why* these individual Defendants *did not* timely file, i.e. why they needed an extension of their own individual thirty-day filing deadlines. Essentially, Defendants' explanation does not show the Court what cause necessitated the Defendants' reliance on the later-served state court defendants in the first place.[7] As such, the Court finds that Defendants have failed to timely file their Notice of Removal and, therefore, that the instant case should be remanded to state court. Accordingly,

   **IT IS HEREBY ORDERED** that the Plaintiff's motion is **GRANTED**.

---

[7] To the extent that Defendants might argue that they needed more time to research removal, the Court notes that the face of Plaintiff's state court petition clearly indicates that copyrighted material may be at issue in this case. As such, the Defendants were on notice from day one that removal might be warranted, and that it was necessary for them to diligently research the issue. Thirty days was assuredly enough time to conduct that research.

14

**IT IS FURTHER ORDERED** that the above-captioned matter is **REMANDED** to the  22nd Judicial District Court of St. Tammany Parish, Louisiana.

New Orleans, Louisiana this 3rd day of December, 2012.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

15